NOT FOR PUBLICATION                                              (Docket No. 18, 21)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | | |
|---|---|---|
| _____ : | | |
| MALCOLM D. CLARK, : | | |
| : | | |
| Plaintiff, : | Civil No. 07-910 (RBK) | |
| : | | |
| v. : | **OPINION** | |
| : | | |
| STROBER-HADDONFIELD GROUP : | | |
| INC., : | | |
| : | | |
| : | | |
| Defendant. : | | |
| _____ : | | |

        This matter comes before the Court on the motion of Defendant Strober Building Supply,

LLC (improperly pled as "Strober-Haddonfield Group, Inc." and referred to as "Strober" or

"Defendant") to dismiss the complaint of Malcolm D. Clark ("Plaintiff") based on the doctrine of

judicial estoppel.  For the reasons explained below, Defendant's motion is granted as to

Plaintiff's claims for monetary damages and denied as to Plaintiff's claims for equitable relief.

**I.      BACKGROUND**

        Plaintiff was hired on April 20, 2005 by Defendant Strober as a warehouse worker.  On

April 28, 2005, Plaintiff was injured on the job and called out sick because of leg pain.  He

attempted to return to work on May 2, 2005, but he was told that in order to return to work he

needed a doctor's note stating that he had no restrictions or limitations.  Plaintiff told Strober that

he couldn't go back to the doctor to get this note until May 9, 2005, and Defendant Strober then

instructed Plaintiff to return on May 10, 2005 with the note.  On May 9, 2005, Plaintiff returned to work with a note, but he was not permitted to work because the note did not actually state that he could return to full duty work.  On May 10, Plaintiff returned with another note, which indicated that Plaintiff had hip pain and would be having x-rays.  Apparently this note was also unsatisfactory.  On May 11, 2005, Plaintiff told his supervisor that he could not obtain another note because his doctor was unavailable.  On May 12, 2005, Plaintiff returned to work with the requisite note from his doctor clearing him for full duty work with no restrictions, but Plaintiff was not permitted to work and was told to see a manager the following day.  On May 13, 2005, Defendant Strober terminated Plaintiff, allegedly for "taking too long."

Plaintiff filed a charge with the Equal Employment Opportunity Commission on August 24, 2005, alleging discrimination because of his race and disability.  The EEOC determined that there was reason to believe a statutory violation had occurred on June 30, 2006 and issued a right-to-sue letter on November 29, 2006.  Plaintiff filed a pro se complaint with this Court on February 28, 2007.

In the meantime, Plaintiff had also filed for bankruptcy, also apparently pro se.  On June 20, 2007, Plaintiff submitted a "Statement of Financial Affairs" to the United States Bankruptcy Court for the District of New Jersey.  As part of that statement, Plaintiff was directed to "[l]ist all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case."  (Def.'s Ex. A.)  Plaintiff checked off the box indicating "none."  The bankruptcy proceedings were eventually dismissed and no debts were discharged.

Defendant Strober now seeks dismissal of Plaintiff's complaint on the grounds of judicial

2

estoppel.  Defendant argues that because Plaintiff did not disclose the existence of his claim against Strober in the bankruptcy proceedings he should be barred from asserting it because the two positions are irreconcilably inconsistent and taken in bad faith.  Plaintiff asserts that the omission of the claim on the form was an inadvertent error and no bad faith was intended.

## II.    STANDARD OF REVIEW

When reviewing a motion to dismiss, the Court must accept as true all allegations in the complaint and must provide the plaintiff with the benefit of all inferences that may be fairly drawn from the contents of the complaint.  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993); Wilson v. Rackmill, 878 F.2d 772, 775 (3d Cir. 1989).  The Court may not grant a motion to dismiss unless it is certain that no set of facts can be proven that would entitle the plaintiff to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  The Court relies on the Complaint and the materials attached to the Complaint and also takes judicial notice of the record in Plaintiff's bankruptcy proceedings at Bankruptcy Petition No. 07-17898.

## III.    DISCUSSION

Defendants seek dismissal of Plaintiff's complaint, arguing that because he did not reveal the existence of his discrimination claim in his bankruptcy filings he is estopped from pursuing it.  Judicial estoppel is intended to prevent a litigant from asserting a position inconsistent with one that it has previously asserted in the same or in a previous proceeding.  In re Chambers Dev. Co., Inc., 148 F.3d 214, 229 (3d Cir. 1998).  "It is not intended to eliminate all inconsistencies, however slight or inadvertent; rather, it is designed to prevent litigants from playing fast and loose with the courts."  Id.  Three elements comprise the doctrine of judicial estoppel: (1) "the

3

party to be estopped must have taken two positions that are irreconcilably inconsistent"; (2) the party took the inconsistent positions "in bad faith-i.e., with intent to play fast and loose with the court"; and (3) application of the doctrine is "tailored to address the harm identified and no lesser sanction would adequately remedy the damage done by the litigant's misconduct." Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp., 337 F.3d 314, 319-20 (3d Cir. 2003) (internal citations omitted). In the Third Circuit, a rebuttable inference of bad faith arises when the plaintiff had knowledge of the claim and "a motive to conceal the claim in the face of an affirmative duty to disclose." Id. (citing Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 416-18 (3d Cir. 1988)); see also Ryan Operations G.P. v. Santiam-Midwest Lumber Co., 81 F.3d 355, 363 (3d Cir. 1996).

Plaintiff meets the first of the requirements for judicial estoppel, as his two positions are "irreconcilably inconsistent." Though the Third Circuit has never expressly held that denying the existence of outstanding claims in the context of a bankruptcy proceeding, without more, is inconsistent with pursuing such claims in a separate civil action, the "doctrine of judicial estoppel frequently arises in the context of a failure to list a claim as an asset in a bankruptcy, and the inconsistent pursuit of an undisclosed claim." Castillo v. Coca-Cola Bottling Co. of East. Great Lakes, Civ. No. 06-183, 2006 WL 1410045, *2 (E.D. Pa. May 22, 2006). See, e.g., Ryan, 81 F.3d at 362, Oneida, 848 F.2d at 419.

As to the second prong, the order of events makes clear that Plaintiff had knowledge of his claim against Defendant Strober when he filed his bankruptcy statement. Because he was proceeding pro se in both cases, he filed out the forms himself and thus had knowledge of their content. In his opposition papers, Plaintiff claims that he was copying a set of bankruptcy forms

4

his wife had previously filed out, and in haste, he inadvertently and without the intent to conceal

checked off "none" on all the boxes, including the question asking for a list of "suits and

administrative proceedings to which the debtor is or was a party." (Pl.'s Br. at 2.) Though

Plaintiff correctly states that a finding of bad faith must be based on more than an inconsistency,

he overlooks the fact that as a person seeking to discharge his debts in bankruptcy, he had a

motive to conceal potential assets to prevent them from being available for distribution to

creditors. See Krystal, 337 F.3d at 321, 323. Because Plaintiff knew about his discrimination

claim and had a motive to conceal it from his creditors, bad faith may be inferred.

Plaintiff also argues that because his bankruptcy case was dismissed without any debts

being discharged, he did not benefit from the concealment and so it was a harmless mistake.

However, the Third Circuit has held that the doctrine of judicial estoppel does not require that the

party actually derive a benefit from asserting inconsistent positions. Ryan, 81 F.3d at 361.

Though whether the party benefitted "may be relevant insofar as it evidences an intent to play

fast and loose with the courts," the fact that no benefit arose from the original position will not

prevent the application of judicial estoppel. Id. Plaintiff's failure to properly list his claim as a

potential asset in his bankruptcy filings undermines the disclosure requirements, which are "are

crucial to the effective functioning of the federal bankruptcy system." Id. at 362. This is true

regardless of the outcome of the bankruptcy proceeding.

The final element of judicial estoppel requires the Court to evaluate whether a sanction

less than dismissal would be an adequate remedy. Because of the need to preserve the integrity

of the bankruptcy process and to protect creditors through full disclosure of assets, Plaintiff's

claims for monetary damages must be dismissed. However, Plaintiff's Amended Complaint also

includes a claim for equitable relief, potentially including reinstatement.  As these claims would

not have added assets to the value of his potential bankruptcy estate, the goals of judicial estoppel

in furthering disclosure in bankruptcy proceedings do not apply.  See, e.g., Barger v. City of

Cartersville, Ga., 348 F.3d 1289, 1297 (11th Cir. 2003) (permitting plaintiff to seek equitable

relief after dismissal of damages claims because "claim for injunctive relief (i.e. her request for

reinstatement) would have added nothing of value to the bankruptcy estate even if she properly

disclosed it"); Castillo, 2006 WL 1410045, *4 (noting that the Barger approach to injunctive

relief is preferable to complete dismissal "[g]iven the importance of the societal issues addressed

in civil rights actions, as well as this Circuit's reluctance to apply the harsh remedy of judicial

estoppel").  Plaintiff's claims for equitable relief will not be dismissed.

## IV.    CONCLUSION

Because of his failure to disclose his claim against Defendant in his Statement of

Financial Affairs when he filed for bankruptcy, Plaintiff's claims for monetary damages must be

dismissed.  Defendant's motion to dismiss is therefore granted as to those claims, but the motion

is denied as to Plaintiff's claims for equitable relief.  An accompanying order will issue today.


Dated:____7/29/08_____                    _____/s/ Robert B. Kugler_____
                                            ROBERT B. KUGLER
                                            United States District Judge